922 F.2d 842
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Judy C. WHITE and Johnny L. White, Plaintiffs-Appellees,
v.
EXXON COMPANY OF U.S.A., Defendant-Appellant.
 No. 90-5088.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal involving a Tennessee state law claim raised in federal court on the basis of diversity jurisdiction. The appeal raises three issues for this court's determination: (1) did the district court abuse its discretion by allowing the appellees to amend the pleadings; (2) did the appellees fail to prove a necessary element of their claim, thus causing the district court's instruction to the jury concerning that claim to be erroneous; (3) did the district court err in denying appellant's motion for a directed verdict.
 
 
 2
 On December 23, 1987, Judy White slipped on a puddle of transmission fluid at an Exxon self-service station in Chattanooga, Tennessee. White asserted at trial she did not see the puddle before her fall. The jury determined that, as a result of this fall, White suffered an aggravation of a pre-existing injury.
 
 
 3
 White had experienced back problems prior to the fall at Exxon. In 1976, White injured her back by falling off a seesaw. In 1983, White again injured her back and received treatment from a chiropractor. In 1985, she was treated for back pain by a Chattanooga neurologist. Indeed, White's treating physician, Dr. King, testified that White had "degenerative changes" in her back and that they would have taken longer than three weeks to occur, the period between White's accident and the discovery of the changes.
 
 
 4
 The appellees initially claimed that Exxon's negligence caused Judy White's injury and the resulting damages. As part of Exxon's trial strategy, the company set out to prove that she had a pre-existing back injury which was the cause of her damages. The record shows it was successful in proving that White possessed a pre-existing injury. The appellees, at the close of all the evidence, moved to amend their complaint to conform with the proof, pleading aggravation of a pre-existing injury. After allowing this motion, the district court instructed the jury it could award damages to the Whites for such aggravation.
 
 
 5
 Exxon argues the district court should not have granted the motion to amend the pleadings. It asserts that White, having denied back problems throughout pre-trial discovery and the presentation of evidence, should not be able to change her position at the close of all the evidence. Fed.R.Civ.P. 15(b) states:
 
 
 6
 When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment....
 
 
 7
 We will overturn the granting of appellees' motion only if the district court abused its discretion. Hedges v. Rose, 570 F.2d 643 (6th Cir.1978), cert. denied, 436 U.S. 909 (1978).
 
 
 8
 Exxon chose to prove White's pre-existing back problems. We reiterate, the record shows it was successful. Allowing the Whites to amend their pleadings merely caused the pleadings to be in conformity with the evidence presented. Fed.R.Civ.P. 15(b). That this evidence was a result of Exxon's efforts, rather than the Whites', is irrelevant.
 
 
 9
 Exxon also asserts the trial court should not have instructed the jury on the aggravation claim. It argues the Whites did not prove the existence of a pre-existing injury. Again, the record reflects Exxon helped prove such an injury. At oral argument, Exxon asserted that the instruction was in error in light of the dual causation principle in Tennessee law. Under that principle, when two equally probable causes are established, the jury may not choose between the two on the basis of speculation. Stringer v. Cooper, 486 S.W.2d 751, 756 (Tenn.Ct.App.1972). Exxon argued this rule should have precluded the instruction on aggravation. However, the record shows that the evidence at trial established a sufficient basis for the jury to determine the aggravation caused by Exxon's negligence, without having to engage in speculation. The possibility that damages suffered by Judy White were partially the result of the pre-existing injury is no defense to the claim of aggravation, if the jury could have avoided speculation as to what specific cause resulted in what specific damages. The jury had sufficient proof to measure damages resulting from the aggravation. The instruction given by the district court merely limited recovery to damages attributable to the aggravation of the pre-existing injury caused by Exxon's negligence. Therefore, such an instruction was clearly not an abuse of discretion.
 
 
 10
 Lastly, Exxon argues the district court erred in denying its motion for a directed verdict on the issue of contributory negligence. White asserts she was not aware of the fluid on which she slipped. Witness statements conflict as to the visibility of the puddle. Reasonable people could disagree as to whether White's "conduct was that of an ordinarily prudent person...." Id. at 758. When a different conclusion can be drawn by reasonable people, the question should be resolved by the jury. Id. at 758. Thus, the district court did not err in denying the motion for a directed verdict.
 
 
 11
 Accordingly, we AFFIRM.